# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL A. MCGREW, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:07-4153-GRA-BM |
| ) | |
| v. ) | |
| ) | |
| SHERIFF RAY NASH, in his ) | **REPORT AND RECOMMENDATION** |
| individual capacity, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff has filed this action, pro se, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pretrial detainee at the Dorchester County Detention Center, alleges violations of his constitutional rights by the named Defendant. The Defendant filed a motion for summary judgment on March 28, 2008, pursuant to Rule 56, Fed.R.Civ.P.. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March 31, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a motion for an extension of time to respond to Defendant's motion, and an order granting Plaintiff's motion was filed May 30, 2008. Plaintiff was given until June 11, 2008 to respond to Defendant's motion. However, notwithstanding this extension Plaintiff failed to respond to the Defendant's motion.

1



As the Plaintiff is proceeding pro se, the court filed yet another order on August 12, 2008, giving the Plaintiff an additional ten (10) days in which to file his response to the Defendant's motion for summary judgment. The Plaintiff was also specifically advised that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P. The Plaintiff still did not respond, and has therefore failed to indicate that he wishes to proceed with this case or to prosecute this matter in any way.

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 25, 2008



2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

